Good afternoon, Your Honor. Steve Havacek, Federal Defenders, on behalf of Mr. Mascorro. Your Honor, in Vasquez v. Hillary, the Supreme Court made clear that the grand jury can charge a greater offense or a lesser offense, multiple counts or a single count, even capital v. non-capital. What this appeal involves is an instruction that was designed to prevent the grand jury from getting information or inquiring as to information regarding punishment. And before I get to the exact instruction here, I want to clear the brush a little bit. We've got two cases, Cortez-Rivera and Carudo, that address related instructions. And the gist of those cases is that when a district court judge instructs that you should not be concerned about punishment in the event of conviction, that is permissive and that allows district court, excuse me, that allows grand jurors to actually take that into account. And Carudo actually goes a little bit further. It has pretty much the same sentence. And it says so much, so punishment should not concern you in the performance of your duties whatsoever. And the gist of both of those cases is that that is a permissive instruction that leaves the grand jurors room to take punishment factors into account in deciding whether or not to indict. The instruction in this case, and that's at page 11 of the excerpt of record, has the exact same should not consider punishment sentence that's in Carudo and Cortez-Rivera, but then follows it immediately with that is not a factor for a grand jury to consider in determining whether probable cause exists. So the argument is basically that whatever permissive reading a grand jury could be expected in Cortez and Carudo to draw from the use of the word should not rather than shall not or must not is eliminated by following that up by saying this is not a factor for the grand jury to consider in determining whether probable cause exists. So basically the word should was not defined in terms of the English language by those two cases. I think the court has to look to the context. And when the sentence that immediately follows the should is an absolute prohibition, that is not a factor for you to consider, that that means that the grand jury must have interpreted the should in a mandatory sense. And that is a legitimate reading of the word should, and that was made clear in Judge Hawkins' dissent in the Navarro-Vargas case. And I understand that that's the dissent and that's not binding. But the point is that English language is context-driven, and the context here is that grand jurors don't have any business considering punishment considerations. That, I would submit, is a constitutional error. I'd also point out that the instructions themselves tell the grand jury that really their only function is to determine probable cause. So when you have a sentence that says that punishment is not a factor for considering, for the grand jury to consider whether or not probable cause exists, it basically informs their entire function. So both because of the meaning that the word should would take on in this particular instruction, and because the grand jurors aren't told to have any other function other than probable cause determination, I think that this instruction completely eliminated punishment considerations. And I think that that's unconstitutional under Vasquez v. Hillary, and even under this Court's decision in Navarro-Vargas. You know, is the Southern District the only district that gives these instructions in our circuit? I've only ever seen cases brought by your office raising this issue. If I recall, is it because you're particularly active in the Southern District, or are these unique instructions? Do you know? Well, I can't say about the practice forever, but since there was a lot of discussion earlier today about listening to other arguments, I listened to an argument that Judge Reinhart was on, I don't know, maybe two or three months ago, where a lawyer from the Federal Defender Office in the Central District was raising a challenge like this. And there was an instruction in that particular case. There was no decision issued in that case because the defendant ultimately passed away during the pendency of the case. But I know that they do it. But I have to also confess that there are lawyers that have gone from our office to their office, so I think it's kind of like a virus. So anyway, but I don't know. A beneficial virus? If Your Honors don't have any further questions on that issue, I still have some time left, so I guess I should perhaps address the other issue that I raised. You don't feel any obligation. You should not feel an obligation to use all your time. Well, I certainly interpret that as permissive. Your Honors, I should say that there is an issue in Carrudo. I sent up a 28-J letter last week, and I'm not sure what the Court's internal rules are, but I actually filed a brief on Carrudo in another case in December. It was just a few weeks ago. So I pointed that out in a 28-J letter. But I do believe that the portion of Carrudo that suggests that a punishment-type error is subject to harmless error review is non-binding dicta. It's dicta in the sense that it's unnecessary, but also in the sense that it doesn't adequately address the actual issues that are involved. So whenever you have a grand jury issue, there are really three standards that you could choose. One would be the mechanic standard. One would be the Bank of Nova Scotia grave doubt standard. And the third would be the Bank of Nova Scotia structural protection standard. And there's no discussion of any of those standards other than the grave doubt in Carrudo. And Carrudo cites both Bank of Nova Scotia and Navarro for the grave doubt test, but Navarro doesn't even apply the grave doubt test. So I think that this is a situation where it's just an unstated assumption that that applies. And then the second part of that analysis was they assumed that the grand jury wouldn't be sympathetic with Ms. Carrudo because of the fact that she was charged with a serious drug offense. But the Supreme Court has held repeatedly that judges can't put themselves in the shoes of grand jurors and basically exercise their discretion for them. And that comes directly from Vasquez, where it said that you can't appreciate how the grand jury would evaluate the need to indict or how they would have perceived whether there should be any charges at all or precisely which charges. And Vasquez v. Hillary is a first-degree murder case. So if the Supreme Court can't put itself in the grand jury's shoes in that context, then it wasn't proper for Carrudo to do so. And it didn't discuss any of the Supreme Court authorities suggesting that that was improper. If Your Honors have no further questions or any questions, I'll submit and reserve my remaining time for rebuttal. Thank you. We'll give him a moment. Thank you, Your Honor. Good morning. May it please the Court. Robert Huey on behalf of the United States. The one sentence in the grand jury instructions that is being challenged here that has not been specifically ruled out by precedent is the sentence that Mr. Hubachek read, that is, punishment is not a factor for a grand jury to consider in determining whether probable cause exists. We submit that that is a correct statement of the law, and being a correct statement, it can't be error. Unless the Court has questions, we submit on that. Well, I do have a question, and that is, is the grand jury permitted to consider punishment as it determines whether or not to hand up an indictment? Your Honor, it is permitted in the sense that it has the power to consider it. Is it more than sort of jury nullification? Is it permitted in the exercise of its legitimate authority, or is it just permitted because it can do it? Well, my interpretation of the case law, Your Honor, is the latter. But having read the Marcucci-Navarro-Vargas line of cases, I think there's also an argument to be made that that is somehow part of a grand jury's power that is not part of a petty jury's power. Part of its legitimate power? Correct. If it's part of its legitimate power rather than it can do it in the sense of jury nullification, how do you defend these two sentences? Because the very clear import of those sentences, to any person literate in English performing a function as a grand jury juror is, don't consider punishment. That's the very clear import of those sentences. Well, Your Honor, I do appreciate that, and I know much ink has been spilt in this Court on that subject, and I'm afraid I have little to add to that. Other than you've got the case law that goes your way. But it just seems to me the case law is ignoring how the language operates. Well, I'll admit the distinction between should and shall is a very nice one. And then the second sentence? The second sentence, Your Honor, I think is on much firmer ground because it is just telling the grand jury that punishment has nothing to do with probable cause, and that's correct. I understand that, but the argument made on the other side was the jury, the grand jury has been told that its function is to decide probable cause. And punishment is not part of probable cause, therefore not part of your function. Well, that's fair, Your Honor. I would submit that reading the instructions as a whole, the instructions here are no less preclusive of what the grand jury can consider in the instructions that were upheld in Marcucci. I'm afraid my fight is with the case law. Yeah. Got it. Okay. Thank you. Thank you. Mr. Hluchek, do you have anything further? Yes, Your Honor. Just two points. Number one, I do think that this goes beyond what's in the case law because there's no ambiguity in that second sentence at all. And the grand jury is told their sole purpose as grand jury is probable cause determination. Now, what does it say is their sole purpose? It says that on page 7 of the ER. Hang on a second. Let me get that. Okay. I'm on page 7. It says the purpose of the grand jury is to determine whether sufficient. What line are you on? I'm sorry, Judge. I'm on my notes. Okay. So help me out a little bit then. I'll pull out my ER. It starts on line 13 and goes to the end of line 17. I'm on ER. What page are you on? Page 7, Your Honor. Oh, I see. There's a couple of competing paginations here. Okay, I'm sorry. Okay. And it starts again at 13. Okay. The purpose. It doesn't say the sole purpose. Well, it's the purpose in singular. And then on page 22 of the ER, it says your task is probable cause. But your task, I have in quotes. The rest of it isn't a quote. Yeah, it was the word soul that got my attention. Okay. Well, those actual phrases were in the Navarro-Vargas instruction, and I think both the majority and the dissent in that case both read that to be singular, the purpose sentence and the task sentence. Well, I think that's a fair reading, but the word soul is not there in the language they heard. I apologize if I misled you. Well, no, fine. And then just very briefly, if I may, I would like to follow up on Your Honor's question about whether or not this is jury nullification or whether this is a legitimate grand jury function to choose not to indict based upon punishment considerations. I clearly think it's the latter. And I would cite the court to Vasquez v. Hillary for that purpose, because in that case the court didn't just decide that racial discrimination was bad and therefore there should be a structural error rule. It explained why in the face of a request on the part of the state of California to overrule those cases, it explained why that's the rule. And the reason that they would reverse in those cases is you cannot tell how a properly constituted grand jury would exercise its discretion to do all the things that I'm talking about today. And that is the reason that they chose to reverse. And if the Supreme Court reverses based upon an attribute of the grand jury, it cannot be, you know, the bet noir of grand jury nullification. It has to be a legitimate portion of their functions. And, in fact, that's exactly what the Vasquez v. Hillary's opinion says on page 263 and 264, that this is a legitimate function of the grand jury. And I think your adversary basically concedes a debt. Right. Thank you, Your Honor. If you have no further questions, I'll submit. Thank you.
judges: Kozinski, Reinhardt, Fletcher